UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARWIN MOSS,

**Plaintiff,**

v.                              4:13-cv-159

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC., et al.,

**Defendants.**

## ORDER

### I. INTRODUCTION

Marwin Moss brings this lawsuit alleging that Blue Cross and Blue Shield of Florida, Inc. and Blue Cross and Blue Shield of South Carolina ("Blue Cross") breached a health insurance contract by failing to pay the costs of a back surgery. ECF No. 1-3. Blue Cross moves the Court to dismiss Moss's claim. ECF No. 4. Moss asks the Court for leave to file an amended complaint. ECF No. 13 at 7-8. The Court **GRANTS** Moss leave to amend his complaint and **DENIES AS MOOT** Blue Cross's Motion to Dismiss.

### II. BACKGROUND

Moss alleges that Blue Cross insured him under a health policy. ECF No. 1-3 at 2. In anticipation of an expensive back surgery, Moss requested preauthorization. *Id.* Blue Cross authorized the surgery in writing on October 21, 2011, although the letter contained several disclaimers and conditions. *Id.* at 7-8. Moss had the surgery on November 9, 2011 and received bills totaling $61,431.38. Blue Cross refused to pay the medical bills, contending that insurance coverage terminated on October 16, 2011. *Id.* at 3, 5.

### III. ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) states "a party may amend its pleading . . . with . . . the court's leave . . . when justice so requires." Moss argues that permitting him to do so here will allow the case to be decided on its merits. ECF No. 13 at 8 (citing *In re Clarus Corp. Sec. Litig.*, No. 100CV2841, 2003 WL 23325303, at *1 (N.D. Ga. Nov. 19, 2003)). Because the Court favors resolution of cases on their merits, and because amendment will cause no undue prejudice to Blue Cross, the Court offers Moss the chance to replead his case under ERISA. *See Laurie v. Ala. Court of Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) ("The decision whether to grant leave to amend a complaint is within the sole discretion of the district court.") Moss may also use this opportunity to add a defendant. *See* ECF No. 13 at 8-9.

The Court makes clear that Moss will be held to all pleading requirements of ERISA, including exhaustion of administrative remedies. *See Claxton v. Conn. Gen. Life Ins. Co.*, 700 F. Supp. 2d 1322, 1327-28 (S.D. Ga. 2010) (discussing the administrative exhaustion requirement). The Court's grant of Moss's motion is not a waiver for futility of the administrative exhaustion requirement as proposed by his response. ECF No. 13 at 5-6.

### IV. CONCLUSION

The Court **GRANTS** Moss's motion to amend his complaint and gives him 14 days from the date of the order to do so. The

Court **DENIES AS MOOT** Blue Cross's Motion to Dismiss. The Court also **VACATES** the Magistrate Judge's order setting the deadline for any summary judgment motion. ECF No. 18. The new deadline will be 45 days from Moss's filing of any amended complaint.

This 30 day of October 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA